UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BAHRON A. BERKLEY-DOLPHIN, and
SHEILA J. HIEDEMAN,

    Defendants.

Case No. 22-CR-22-CR-154

[21 U.S.C. §§ 841(a)(1) & 846; 18 U.S.C. §§ 922(g)(1) & 924(c)]

**Green Bay Division**

## INDICTMENT

### COUNT ONE
(Conspiracy to distribute and
possess with the intent to distribute fentanyl)

**THE GRAND JURY CHARGES THAT:**

1. Beginning in at least April 2022 and continuing until on or about May 12, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**BAHRON A. BERKLEY-DOLPHIN and
SHEILA J. HIEDEMAN**

knowingly and intentionally conspired with each other, and with persons known and unknown to the grand jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The quantity of drugs involved in the conspiracy attributable to each defendant as a result of their own conduct, and the conduct of other conspirators

1

reasonably foreseeable to each of them, involved 400 grams and more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vi).

## COUNT TWO
### (Attempted possession of fentanyl with the intent to distribute)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 11, 2022, in a package with United States Postal Service tracking number xxx413809, in the State and Eastern District of Wisconsin and elsewhere,

### BAHRON A. BERKLEY-DOLPHIN

knowingly and intentionally attempted to possess with the intent to distribute 40 grams and more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(i)(C), and 846.

## COUNT THREE
### (Possession of fentanyl with the intent to distribute)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 11, 2022, in a 2004 Lexus RX sport-utility vehicle, in the State and Eastern District of Wisconsin,

**BAHRON A. BERKLEY-DOLPHIN**

knowingly and intentionally possessed with the intent to distribute a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(i)(C).

## COUNT FOUR
(Possession of a firearm in furtherance of drug trafficking)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 11, 2022, in the State and Eastern District of Wisconsin,

**BAHRON A. BERKLEY-DOLPHIN**

knowingly possessed a firearm, that is, a Ruger 9-millimeter handgun with an obliterated serial number, in furtherance of a drug trafficking crime, namely, possession with intent to distribute a controlled substance, as charged in Count Three of this indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FIVE
### (Possession of a firearm by a convicted felon)

THE GRAND JURY FURTHER CHARGES THAT:

1. On or about May 11, 2022, in the State and Eastern District of Wisconsin,

**BAHRON A. BERKLEY-DOLPHIN,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearm is more fully described as a Ruger 9-millimeter pistol with an obliterated serial number.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIX
### (Possession of fentanyl with the intent to distribute)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 11, 2022, at XXX West Walnut Street, Green Bay, in the State and Eastern District of Wisconsin,

**BAHRON A. BERKLEY-DOLPHIN**

knowingly and intentionally possessed with the intent to distribute 40 grams and more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT SEVEN
(Possession of fentanyl with the intent to distribute)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 12, 2022, at XXX S. Taylor Street, Green Bay, in the State and Eastern District of Wisconsin,

### SHEILA J. HIEDEMAN

knowingly and intentionally possessed with the intent to distribute a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

1. Upon conviction of any controlled substance offense in this indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

2. Upon conviction of an offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), as set forth in this indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense of conviction, including, but not limited to: one Ruger 9-millimeter pistol with an obliterated serial number.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

███████████
FOREPERSON

Dated: 8-9-22

_for_ *Mary B. [signature]*
RICHARD G. FROHLING
United States Attorney

10